(5 Misc. Rep. 334.)

GRIGG v. McNULTY et al.

(City Court of Brooklyn, General Term. October 23, 1893.)

1 ATTORNEY—CONTRACT FOR LIEN—EFFECT AS TO GRANTEE OF CLIENT.
The owner of land, part of which had been condemned for public use, retained plaintiff as his attorney in the proceeding to ascertain his compensation, and agreed to pay plaintiff for his services a certain share of the award, such share "to be a lien on the property." *Held*, that plaintiff's claim for services was not such an inherent part of the condemnation proceedings as to render it a charge on the land in the hands of defendant, who, pending such proceedings, had procured a decree against the landowner for specific performance of a contract of sale, "subject to the judgment of condemnation."

**2. SAME—TO WHAT LIEN ATTACHES.**

Under Code Civil Proc. § 66, which provides that the lien of an attorney shall attach to the "judgment in his client's favor, and to the proceeds thereof, in whosesoever hands they may come," an attorney who represents a landowner in a proceeding to condemn part of a tract of land, has no lien on the land itself.

Appeal from special term.

Action by William Grigg against Charles Urban and Peter H. McNulty. Plaintiff had judgment against Urban, but the demand for relief against McNulty was dismissed. From the judgment in favor of McNulty, plaintiff appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

William Grigg, in pro. per.

Gaynor, Grout & De Fere, for respondent.

OSBORNE, J. On and prior to October 24, 1891, defendant Urban was the owner of certain premises on Fulton street, running through to Liberty street, in this city. On that day a judgment of condemnation was entered on the application of the trustees of the New York & Brooklyn Bridge, in proceedings to acquire a part of said premises, and commissioners were appointed to ascertain the compensation to be made. On December 18, 1891, defendant Urban made an agreement in writing with plaintiff, by which he retained the plaintiff as his attorney in the proceedings for compensation, and agreed to pay him for his services a sum equal to one-half of the amount received for damages in excess of $20,000, "said one-half to be a lien on the property." While these proceedings were pending, defendant Urban contracted with the respondent McNulty, by agreement dated February 12, 1892, to sell and convey to him the whole of said premises, and in an action brought in this court by McNulty for that purpose specific performance of this contract was adjudged by judgment entered August 2, 1892, and Urban was directed to convey, subject, however, to said judgment of condemnation. 21 N. Y. Supp. 247. On March 19, 1892, the commissioners appointed to make compensation by their report awarded to defendant Urban the sum of $26,000 for the land taken, out of which $25,000 was to be paid to satisfy a mortgage then on said property, and the balance of $1,000 was to be paid to two tenants. This report was confirmed on April 4, 1892. Plaintiff now brings this action on his said agreement with Urban, alleging the judgment for specific performance above referred to, directing, among other things, that the defendant McNulty should take said premises subject to said condemnation proceedings, and that the claim of the plaintiff is part and parcel thereof, and he prays for judgment against Urban for $3,000 and interest, "and that said sum be declared a lien upon the premises herein described, paramount to the claims of the defendants herein." Notice of lis pendens was filed herein August 30, 1892. Defendant Urban was served on October 28, 1892, and defendant McNulty on December 28, 1892. On the trial, plaintiff had judgment against

the defendant Urban, and the complaint against McNulty was dismissed. From the judgment in favor of McNulty dismissing the complaint as against him, the plaintiff brings this appeal.

We cannot agree with the contention of the learned counsel for the appellant that his claim for compensation was such an inherent part of the condemnation proceedings that, when Urban was directed to convey to McNulty "subject to the judgment of condemnation," such conveyance was also subject to the claim of plaintiff for his professional services, nor is there anything in the judgment for specific performance that, in our opinion, can fairly bear such a construction. Plaintiff's agreement with Urban was never recorded, nor is there any claim that the respondent ever had any notice of such an agreement, so that the provision in the agreement that plaintiff's one-half should "be a lien on the property" cannot bind the respondent.

The appellant further contends that under section 66 of the Code of Civil Procedure he had a lien on the real property for his claim, and that such alleged lien followed the property, and that whoever took title thereto took it subject to his alleged lien. We do not think that the section in question helps the plaintiff in this controversy. It might be suggested that the section applies only to "actions," and not to a special proceeding, such as this is; but that, perhaps, might be deemed too narrow a construction of the section. Conceding that under this section the plaintiff had a lien, and that attached to the "judgment in his client's favor, and the proceeds thereof, in whosesoever hands they may come," it appears from the evidence that no portion of the "proceeds" or recovery came into the hands of the respondent; all of the award was paid to mortgagees and tenants of the premises, and there was nothing accruing from the judgment and award that came to respondent's hands to which any lien could attach. That damages awarded for land taken for public use stand in lieu of the land is well settled, but this is not a proceeding to reach the award.

The learned counsel for the appellant likewise claims that in equity he should be protected; that when Urban contracted to sell to McNulty such contract was subject to any prior equities existing against the property; that McNulty resorted to equity to enforce specific performance, instead of seeking his legal remedy for damages; and he contends that whatever equitable rights McNulty had were subordinate to his (plaintiff's) prior and superior equities. It seems to us that a complete answer to this contention is found in the tenth finding of fact of the learned trial judge. He finds that there was no evidence showing that the defendant Urban is insolvent. For aught that appears to the contrary, the judgment which plaintiff now has against Urban is good and collectible. Till that fact appears, till it is shown that plaintiff is remediless at law, he cannot be heard in equity. For the reasons stated we think that the judgment appealed from should be affirmed, with costs.